165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John YOUNG, Defendant-Appellant.
 No. 98-2457.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1998.
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois, Peoria Division. No. 97-CR-10068. Joe B. McDade, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Hon. JOEL M. FLAUM, Circuit Judges.
 
 ORDER
 
 1
 John Young, an inmate at the Federal Correctional Institution at Pekin, Illinois (F.C.I.-Pekin), pleaded guilty to being an inmate in possession of a prohibited object, marijuana, in violation of 18 U.S .C. § 1791(a)(2). At sentencing, the district court denied Young a two-point reduction in offense level for acceptance of responsibility because Young refused to identify the source of the marijuana. Young appeals only the district court's denial of the acceptance of responsibility reduction.
 
 
 2
 Acting on an anonymous up that Young was receiving marijuana from Bonnie McCoy when she visited him, officials at F.C.I.--Pekin monitored one of McCoy's visits to Young. They observed McCoy apparently passing something to Young when she kissed him. After McCoy's visit, prison officials placed Young in a "dry cell" to ensure he could not dispose of any contraband he may have received. Four days later, Young passed two balloons containing approximately 2.4 grams of marijuana. Eleven days after that, Young was read his Miranda rights and agreed to an interview with an F.B.I. agent. In this interview, Young denied receiving the marijuana from McCoy. Instead, Young told the agent that he had gotten it from another inmate at breakfast before McCoy's visit, but he refused to identify the other inmate.
 
 
 3
 About two months later, Young was charged with possession of a prohibited object in violation of 18 U.S.C. § 1791(a)(2). Young pleaded guilty without benefit of a plea agreement, and the district court ordered the probation office to prepare a pre-sentence report (PSR). Acting on the advice of counsel. Young declined to answer any of the probation officer's questions about the factual details of his offense. The probation officer concluded that Young did receive the marijuana from McCoy and that, because Young had lied about his source to the F.B.I. agent, he had not accepted responsibility for his offense under U.S.S.G. § 3E1.1. Young objected to the PSR's recommendation that he be denied a two-point reduction for acceptance of responsibility. He argued that he should be granted the acceptance of responsibility reduction because he pleaded guilty to all of the elements of the charged offense and did not falsely deny any relevant conduct to the court or to the probation office. Young theorized that the source of his marijuana related only to relevant conduct and not to an element of the offense of conviction and thus, under U.S.S.G. § 3E1.1, comment. (n.1(a)), he could refuse to identify the source. In its decision, the district court concluded that the source of the marijuana related to conduct comprising the offense rather than relevant conduct. The court adopted the findings of the PSR and sentenced Young to ten months' imprisonment to run consecutively with the term of incarceration he was already serving.
 
 
 4
 It is the defendant's burden to prove by a preponderance of the evidence that he or she is entitled to an acceptance of responsibility reduction. United States v. Purchess, 107 F.3d 1261, 1266 (7th Cir.1997), United States v. Akindele, 84 F.3d 948, 956 (7th Cir.1996). The district court's determination of acceptance of responsibility is highly fact-specific and involves the district judge's subjective appraisal of the totality of the defendant's conduct. See United States v. Dvorak, 41 F.3d 1215, 1217 (7th Cir.1994). Accordingly, we review a district court's acceptance of responsibility finding for clear error. See United States v. Gibson, 155 F.3d 844, 848 (7th Cir.1998).
 
 
 5
 In assessing acceptance of responsibility, U.S.S.G. § 3E1.1, comment. (n.1(a)), instructs the sentencing court to consider, among other things, whether the defendant is
 
 
 6
 truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a).
 
 
 7
 In this case, the district court held that Young failed to truthfully admit conduct comprising the offense. Young contends that he merely declined to admit relevant conduct. On appeal, Young argues that the district court erred as a matter of law in finding that how he acquired the marijuana was part of the conduct comprising the offense of conviction. The statutory elements of Young's offense are: (1) possession (2) by an inmate of a federal prison (3) of a prohibited object. 18 U.S.C. § 1791(a)(2). Focusing strictly on these elements, Young contends that the manner in which he obtained the marijuana is merely relevant conduct. Under § 3E1.1, a defendant may invoke his right to remain silent regarding relevant conduct not within the scope of the offense of conviction and still be entitled to a sentence reduction for acceptance of responsibility. United States v. Hammick, 36 F.3d 594, 598 (7th Cir.1994). Therefore, Young argues, the district court refused to grant a reduction for acceptance of responsibility based on its erroneous belief that Young remained silent about an element of the offense as opposed to relevant conduct.
 
 
 8
 Although it is not a statutory element, the source of the contraband is still part of the "conduct comprising the offense." Id. In Hammick, this court upheld a district court's denial of an acceptance of responsibility reduction because the defendant's refusal to answer questions on how she arrived in the state where she committed the offense of conviction was a "refusal to provide a complete explanation of how she committed her offenses." The defendant in Hammick was charged with credit card fraud, so the manner in which she entered the state was not listed in the statutory definition of the offense. Nevertheless the district court found and we agreed that this was part of the course of events comprising the offense and so must be acknowledged. Following Hammick, therefore, the conduct that comprises an offense is broader than just the conduct that meets the statutory elements. Young's narrow focus on the elements enumerated in 18 U.S.C. § 1791(a)(2) does not even attempt to distinguish this aspect of Hammick which we find controlling.
 
 
 9
 Because the district court did not clearly err in denying Young a reduction for acceptance of responsibility, the decision of the district court is AFFIRMED.